1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HAKEEM ABDULLAH HUSSEIN,

11              Plaintiff,                    No. CIV S-08-3097 GEB EFB P

12        vs.

13   M. D. MCDONALD, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He requests leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.   This

18   proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

21   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

22   § 1915(b)(1) and (2).

23        The court finds that, for the limited purposes of § 1915A screening, the complaint states

24   cognizable claims for relief against defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C.

25   ////

26   ////

1

1 § 1915A(b).[1]   If the allegations of the complaint are proven, plaintiff has a reasonable

2 opportunity to prevail on his claims arising under the First Amendment, Fourteenth Amendment

3 and the Religious Land Use and Institutionalized Persons Act (RLUIPA).[2]

4 However, plaintiff has failed to state a cognizable conspiracy claim, which requires that a

5 plaintiff allege specific facts showing two or more persons intended to accomplish an unlawful

6 objective of causing plaintiff harm and took some concerted action in furtherance thereof.

7 *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140

8 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege

9 facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew*

10 *v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983,

11 plaintiff must allege at least facts from which such an agreement to deprive him of rights may be

12 inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory

13 allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los*

14 *Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).   Plaintiff has not alleged specific facts

15 showing that defendants agreed to accomplish an unlawful objective.   Neither does he allege

16 facts from which any agreement could be inferred.   Therefore, plaintiff fails to state a claim for

17 conspiracy.

18 If plaintiff elects to attempt to amend his complaint to state a cognizable conspiracy

19 claim, he has 30 days so to do.   He is not obligated to amend his complaint.   However, if plaintiff

20 elects to proceed forthwith on the claims identified above against defendants McDonald and

---

22 [1] Plaintiff requests class certification, however plaintiff, who is incarcerated and
proceeding pro se, cannot "fairly and adequately protect the interests of the class," as required by
23 Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Oxendine v. Williams*, 509 F.2d 1405,
1407 (4th Cir. 1975); *Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976).   This action,
24 therefore, shall proceed as an individual civil suit brought by plaintiff, and the court will not
certify a class.

25 [2] Plaintiff refers to the Religious Freedom and Restoration Act, but does not assert a
claim under that statute, which was held unconstitutional as applied to the states. *City of Boerne*
26 *v. Flores*, 521 U.S. 507 (1997).

2

Felker, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all remaining claims without prejudice.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming

1   dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*,

2   523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil

3   Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to

4   read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long,

5   rambling pleading, including many defendants with unexplained, tenuous or implausible

6   connection to the alleged constitutional injury or joining a series of unrelated claims against

7   many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and

8   an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these

9   instructions.

10      A district court must construe a pro se pleading "liberally" to determine if it states a

11  claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

12  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

13  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

14  action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

15  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

16  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

17  plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

18      A claim has facial plausibility when the plaintiff pleads factual content that allows
        the court to draw the reasonable inference that the defendant is liable for the
19      misconduct alleged. The plausibility standard is not akin to a "probability
        requirement," but it asks for more than a sheer possibility that a defendant has
20      acted unlawfully. Where a complaint pleads facts that are merely consistent with a
        defendant's liability, it stops short of the line between possibility and plausibility
21      of entitlement to relief.

22  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

23  framework of a complaint, they must be supported by factual allegations, and are not entitled to

24  the assumption of truth.  *Id.* at 1950.

25      An amended complaint must be complete in itself without reference to any prior

26  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

4

1    files an amended complaint, the original pleading is superseded.

2          By signing an amended complaint plaintiff certifies he has made reasonable inquiry and

3    has evidentiary support for his allegations and that for violation of this rule the court may impose

4    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

5          A prisoner may bring no § 1983 action until he has exhausted such administrative

6    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

7    *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

8    departmental decision, action, condition, or policy which they can demonstrate as having an

9    adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.*  An appeal must

10   be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

11   "action requested."  Therefore, this court ordinarily will review only claims against prison

12   officials within the scope of the problem reported in a CDC form 602 or an interview or claims

13   that were or should have been uncovered in the review promised by the department.  Plaintiff is

14   further admonished that by signing an amended complaint he certifies his claims are warranted

15   by existing law, including the law that he exhaust administrative remedies, and that for violation

16   of this rule plaintiff risks dismissal of his entire action, including his claims against defendants

17   McDonald and Felker.

18         Plaintiff has requested that the court appoint counsel.   District courts lack authority to

19   require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States*

20   *Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request

21   counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

22   F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23   The court finds that there are no exceptional circumstances in this case.

24         Accordingly, the court hereby orders that:

25         1.  Plaintiff's request to proceed *in forma pauperis* is granted.

26   ////

2.  Plaintiff must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Service is appropriate for defendants McDonald and Felker.

4.  The Clerk of the Court shall send plaintiff a blank summons, a copy of the pleading filed December 22, 2008, two USM-285 forms and instructions for service of process on defendants McDonald and Felker.

5  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed December 22, 2008 pleading.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants McDonald and Felker will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

6.  Alternatively, within 30 days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable conspiracy claim.  Plaintiff is not obligated to amend his complaint.

7.  Failure to comply with this order will result in a recommendation that this action be dismissed.

8.  Plaintiff's request for the appointment of counsel (docket no. 1) is denied.

Dated:  October 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HAKEEM ABDULLAH HUSSEIN,

11              Plaintiff,                    No. CIV S-08-3097 GEB EFB P

12        vs.

13   M. D. MCDONALD, et al.,

14              Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              __1__        completed summons form

19              __2__        completed forms USM-285

20              __3__        copies of the December 22, 2008 Complaint

21

22   Dated:

23                              _____
                                           Plaintiff
24

25

26

                                          7