IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAKEEM ABDULLAH HUSSEIN,

    Plaintiff,                     No. CIV S-08-3097 GEB EFB P

   vs.

M.D. MCDONALD, et al.,

    Defendants.             ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint. Dckt. No. 17. Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

////

////

1

**I.     Background**

Plaintiff commenced this action by filing a civil rights complaint on December 22, 2008. Dckt. No. 1. He alleges religious discrimination against Muslim inmates such as himself. The court screened that complaint pursuant to 28 U.S.C. § 1915A and found that plaintiff had stated potentially cognizable First Amendment, Fourteenth Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims. Dckt. No. 9. The court found plaintiff's allegations insufficient to state a cognizable conspiracy claim, but granted plaintiff leave to amend for the limited purpose of adding a conspiracy claim. *Id.*

On November 20, 2009, plaintiff filed an amended complaint. Dckt. No. 13. The court screened that complaint and found that it stated potentially cognizable claims under RLUIPA, the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment against defendant McDonald, based upon McDonald's alleged restriction on the quantity of prayer oil and the number of approved Muslim vendors, as well as his alleged interference with plaintiff's attempts to change his name. Dckt. No. 16. The court dismissed all remaining claims and defendants. *Id.* The court informed plaintiff he could not proceed on claims based on supervisory liability or the processing of his inmate appeals. *Id.* The court also noted that plaintiff had been given leave to amend for the limited purpose of attempting to add a conspiracy claim, but that plaintiff's allegations were again insufficient to state such a claim. *Id.* The court informed plaintiff he could proceed on his amended complaint against defendant McDonald or he could attempt to cure the deficiencies in his amended complaint, as identified by the court. The court further informed plaintiff that in an amended complaint, he could not change the nature of this suit by alleging new, unrelated claims. *Id.* On February 7, 2011, plaintiff filed a second amended complaint. Dckt. No. 17.

////

////

////

## II.     Second Amended Complaint

The court has reviewed the second amended complaint, and finds that for purposes of §1915A screening, it states potentially cognizable claims under RLUIPA, the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment against defendant McDonald, based upon McDonald's alleged restriction on the quantity of prayer oil and the number of approved Muslim vendors, as well as his alleged interference with plaintiff's attempts to change his name.

The court recommends that plaintiff's remaining claims be dismissed without leave to amend and without prejudice to filing in a new civil rights action.  In the February 7, 2011 second amended complaint, plaintiff does not attempt to allege a conspiracy claim.  Rather, plaintiff attempts to add new and unrelated claims of racial discrimination in connection with race-based lockdowns at High Desert State Prison, despite the court's earlier admonition that in an amended complaint, he could not change the nature of this suit by alleging new, unrelated claims.  This action was filed on December 22, 2008, over two years ago. The court has granted plaintiff two opportunities to amend his complaint in order to add a conspiracy claim that relates to his claims of religious discrimination.  In his two amended complaints, plaintiff has failed in this regard.  The court did not grant plaintiff leave to amend for the purpose of adding new claims that do not pertain to the specific allegations of religious discrimination raised in the original complaint and the court declines to do so now.  Therefore, this action shall proceed on the claims against defendant McDonald as identified above. If plaintiff seeks relief on his new claims regarding race-based lockdowns, he must file a new civil rights action.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendant McDonald.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and one copy of the February 7, 2011 second amended complaint.

////

3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and two copies of the endorsed February 7, 2011 second amended complaint.

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendant McDonald pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, IT IS HEREBY RECOMMENDED that with the exception of plaintiff's RLUIPA, First Amendment, and Equal Protection claims against defendant McDonald, all remaining claims be dismissed without leave to amend and without prejudice to filing in a new civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAKEEM ABDULLAH HUSSEIN,

    Plaintiff,                    No. CIV S-08-3097 GEB EFB P

    vs.

M.D. MCDONALD, et al.,

    Defendants.                NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    In accordance with the court's order filed _____, plaintiff hereby submits:

      __1__      completed summons form

      __1__      completed forms USM-285

      __2__      copies of the February 7, 2011 Second Amended Complaint

Dated:

                                        _____
                                              Plaintiff