IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAKEEM ABDULLAH HUSSEIN,

    Plaintiff,                         No. CIV S-08-3097 GEB EFB P

vs.

M.D. MCDONALD,

    Defendant.                      FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendant McDonald moves to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Dckt. No. 25. Plaintiff opposes the motion. Dckt. Nos. 29, 31, 32. For the following reasons, the court recommends that defendant's motion be granted, and that this action be dismissed unless plaintiff pays the filing fee.

    Defendant requests that the court revoke plaintiff's in forma pauperis status because plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim, and does not meet the "imminent danger" of immediate physical injury exception under section 1915(g). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

1

1 2     dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3 28 U.S.C. § 1915(g).

4 Pursuant to § 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, 5 brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for 6 failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 7 n.1 (9th Cir. 2005). Defendants bear the initial burden of producing documentary evidence that 8 allows the court to conclude that the plaintiff has suffered three strikes. *Id.* at 1120 (because 9 docket records will not always reflect the basis for the dismissal, defendants "must produce court 10 records or other documentation that will allow the district court to determine that a prior case 11 was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants 12 meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a 13 prior dismissal should not count as a strike or show that he satisfies the "imminent danger of 14 serious physical injury" exception to § 1915(g). *See id.* "[I]t is the circumstances at the time of 15 the filing of the complaint that matters for purposes of the "imminent danger" exception to 16 § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007).

17 Defendant refers the court to plaintiff's prison trust account statement, which shows that 18 plaintiff's given name is Frederick Jones, and that his CDCR number is P85158. *See* Dckt. No. 2 19 at 4. Defendant also meets his burden of producing evidence allowing the court to conclude that 20 plaintiff has suffered three strikes for purposes of section 1915(g).[1] *See* Dckt. No. 25-3, Exs. A- 21 C (including: (1) *Jones v. Tolbert*, Case No. 1:04-cv-5853-REC-SMS-P) (E.D. Cal. May 31, 22 2006) (order dismissing action for failure to state a claim); (2) *Jones v. Michalski*, Case No.

23

24 25 26     [1] The court hereby takes judicial notice of the court records submitted with defendants' motion to dismiss. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1:04-cv-5823-REC-LJO (E.D. Cal. April 18, 2006) (order dismissing action for failure to state a claim); and (3) *Jones v. Vento*, Case No. 1:04-cv-5802-OWW-DLB (E.D. Cal. Nov. 1, 2005) (order dismissing action for failure to state a claim)).

Plaintiff fails to show through his filings in opposition that any of these prior dismissals should not count as a strike or that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). Nor does his complaint include any allegations of this type. *See* Dckt. No. 1 (original complaint alleging religious discrimination in violation of the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act); Order Screening Second Amended Complaint, Dckt. No. 19 (finding that for purposes of 28 U.S.C. § 1915A screening, complaint states potentially cognizable claims based upon McDonald's alleged restriction on the quantity of prayer oil and the number of approved Muslim vendors, as well as his alleged interference with plaintiff's attempts to change his name). Here, the imminent danger exception does not apply. *See Andrews*, 493 F.3d at 1055 (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing).

In light of this record, the undersigned will recommend that plaintiff's in forma pauperis status be revoked. Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status, Dckt. No. 25, be granted;

2. Plaintiff be granted twenty-one days from any order adopting these findings and recommendations to pay the filing fee in full;

3. Defendant be excused from filing a responsive pleading until ten days after notice is given that plaintiff has paid the filing fee; and

////

////

////

1     4. Should plaintiff fail to pay the filing fee in full as ordered, it is RECOMMENDED that this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4